NOT DESIGNATED FOR PUBLICATION

No. 112,933

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JENNIFER LEE NEUMAN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed September 4, 2015. Reversed and remanded.

*Skipper Jacobs*, legal intern, *Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Kevin Shepherd*, of Topeka, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam:* The district court granted Jennifer Lee Neuman's motion to suppress all evidence arising from her traffic stop. The State appeals that ruling, contending the court incorrectly ruled the traffic stop was illegal. In making this ruling, the court relied upon an opinion of our court that has since been brought into question by a subsequent ruling of the Supreme Court. We hold that because the Supreme Court's precedent controls in this case, the district court erred, and we reverse and remand for further proceedings.

1

In 2013, City of Rossville police officer Jeffery Brown noticed Neuman's vehicle leaving Rossville traveling westbound on 24 Highway. Brown followed and observed the vehicle swerve to the right and the tires cross over the fog line two or three times. Based on these observations, Brown stopped Neuman for failing to maintain a single lane.

When Brown approached Neuman and asked for her driving license, he noticed that Neuman's eyes were glazed and that an odor of alcohol was coming from the vehicle. Brown asked if Neuman had been drinking, and she replied that she "had one." Brown noticed that Neuman's speech was slurred and she had difficulty locating her papers. Brown also saw a beer can on the floor behind the driver's seat. The beer can was not empty and was cold to the touch.

Neuman agreed to perform field-sobriety testing. Neuman stumbled as she got out of the vehicle. A different officer administered field-sobriety tests. The officers then decided there was probable cause to believe Neuman was impaired, and Brown placed Neuman under arrest. When Brown had the other occupants of the vehicle get out, they admitted there were other open containers of alcohol in the vehicle. While Brown searched for the open containers, he detected the odor of marijuana. Brown continued searching and located drug paraphernalia.

The State charged Neuman with driving under the influence, a second offense; unlawful use of drug paraphernalia; driving while suspended; transporting an open container; and failure to maintain a single lane.

Neuman moved to suppress before trial, based in part on challenging whether Brown had reasonable suspicion to initiate a traffic stop. Relying on *State v. Ross*, 37 Kan. App. 2d 126, 149 P.3d 876, *rev. denied* ___ Kan. 950 (2007), Neuman argued that the totality of the circumstances showed Brown did not observe a traffic violation and had, instead, seized Neuman to determine reasonable suspicion after the stop.

2

She argued that had Brown not stopped her, he would not have made any of the other observations that led to Neuman's DUI arrest and the subsequent search of her vehicle. The district court agreed with Neuman that Brown did not have reasonable suspicion to conclude she had violated K.S.A. 2014 Supp. 8-1522(a), which requires drivers to maintain a single lane while driving.

The State has appealed the grant of the suppression motion to this court. This interlocutory appeal, under K.S.A. 2014 Supp. 22-3603, questions whether the district court applied the wrong legal standard in finding Brown lacked reasonable suspicion that Neuman had violated K.S.A. 2014 Supp. 8-1522(a). The Kansas Supreme Court's ruling in *State v. Marx*, 289 Kan. 657, 215 P.3d 601 (2009), controls this issue.

First, a review of some fundamental principles is helpful at this point. A traffic stop on a public roadway is a seizure prohibited by the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights unless the officer has reasonable suspicion—supported by specific, articulable facts—that a crime has been, is being, or is about to be committed. K.S.A. 22-2402(1) (codifying *Terry v. Ohio*, 392 U.S. 1, 20-21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 [1968]); *Marx*, 289 Kan. at 661.

At a suppression hearing, the State can meet its burden to establish reasonable suspicion by showing that the officer observed a pre-stop traffic violation, such as the failure to maintain a single lane in violation of K.S.A. 2014 Supp. 8-1522(a). *Marx*, 289 Kan. at 660-62. K.S.A. 2014 Supp. 8-1522(a) provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

After holding that "and" really means "or" in K.S.A. 8-1522(a), the Supreme Court ruled that statute actually created two rules of the road. The first requires a driver to keep entirely within a single lane while traveling on a roadway with two or more clearly

3

marked lanes. The second rule provides that before a driver may change lanes or move from the current lane of travel, he or she must ascertain that the movement can be made safely. *Marx*, 289 Kan. at 671, 673.

In suppressing the evidence, the district court limited its discussion to this court's decision in *Ross* before finding that Brown did not have reasonable suspicion that Neuman had violated K.S.A. 2014 Supp. 8-1522(a). The *Ross* court held that to justify a traffic stop under K.S.A. 8-1522, "the totality of the circumstances must make it appear to the officer that not only did the defendant's vehicle move from its lane of travel, but it left its lane when it was not safe to do so." 37 Kan. App. 2d 126, Syl. ¶ 10.

In addition to citing to this holding in *Ross*, the district court emphasized that "there was no reasonable suspicion that Ross was engaged in the conduct that is at the heart of [K.S.A. 8-1522(a)]; moving a vehicle from its lane of travel without first ascertaining that it could be done safely." The district court noted *Ross* found that "[a]bsent any such concern on the officer's part" the officer lacked reasonable suspicion to conduct the traffic stop.

But *Marx* specifically rejected any interpretation of K.S.A. 8-1522(a) that would require proof of both elements of the statute for reasonable suspicion to believe that a traffic violation had occurred. Specifically, "[a]n interpretation of K.S.A. 8-1522(a) that requires proof of the second directive governing lane changes in order to find a violation of the first directive governing how to drive down a laned roadway would effectively eviscerate the single lane rule." *Marx*, 289 Kan. at 673. In other words, a violation of the single lane rule under K.S.A. 2014 Supp. 8-1522(a) is not conditioned upon proof that the driver's actions were unsafe. See *Marx*, 289 Kan. at 673. Accordingly, the district court by relying on *Ross* applied the wrong legal standard in interpreting whether Brown's allegations were sufficient under K.S.A. 2014 Supp. 8-1522(a).

4

Brown initially testified Neuman's tires crossed over the fog line twice, but after an in-court review of the traffic video Brown clarified that he observed Neuman's tires cross over the edge of the fog line three times. Unlike *Marx*, the State presented evidence here that the district court could infer it was practicable for Neuman to maintain a single lane because Brown testified that the conditions of the road "appeared to be level, it was dry, there was no rain or ice or anything like that." And the State introduced the video from Brown's vehicle, which showed Neuman's swerving as Brown described over a 10-15-second period and corroborated Brown's description of the road conditions. The video also shows that the road was marked clearly and Neuman faced no obstructions. This evidence amounted to more than "one instance of a momentary lane breach," which *Marx* found insufficient. 289 Kan. at 675.

There is a legally sufficient basis for concluding that Brown had reasonable suspicion to believe Neuman was not maintaining a single lane of travel "as nearly as practicable" in violation of K.S.A. 2014 Supp. 8-1522(a) and, thus, was justified in stopping Neuman.

We reverse the district court's order suppressing the evidence based on a lack of reasonable suspicion and remand for further proceedings.